**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2535
_____

UNITED STATES OF AMERICA

v.

WILBUR SENAT,
a/k/a  Wilby

Wilbur Senat,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-13-cr-00558-002)
District Judge: The Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 11, 2017
_____

Before: McKEE, AMBRO, and RESTREPO, *Circuit Judges*

(Filed: August 17, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge.*

Wilbur Senat appeals his convictions for sex trafficking involving a child in violation of 18 U.S.C. § 1591(a) and transportation of a minor to engage in prostitution in violation of 18 U.S.C. § 2423(a). Senat argues that the District Court erred by (1) prohibiting cross-examination of the minor victim regarding her previous sexual encounters, (2) admitting evidence of other crimes Senat and others had committed, and (3) admitting a bus schedule into evidence without proper authentication. We reject each argument and affirm the convictions.

## I.

The facts of this case are both detailed and disturbing, and we will not repeat them all here. The broad strokes of the events that led to the conviction of Wilbur Senat for child trafficking and transportation are as follows. Senat coerced or lured fifteen-year-old girl S.C. from her home in Haverstraw, New York, where she lived with her aunt and uncle. After Senat threatened S.C.'s family, she consented to travel with Senat to Philadelphia, Pennsylvania, via New Jersey. In Philadelphia, Senat kept S.C. in a house with no electricity or running water, where Senat and his co-defendant forced S.C. to have sex for money. When she was uncooperative, she was beaten and chained to a pole in the basement. Eventually, another pimp, Samuel Verrier (or "Dre"), took S.C. and forced her to strip and have sex for money for several weeks. Police found S.C. when she was arrested in Bordentown, New Jersey, with Verrier and another pimp.

2

Senat was subsequently arrested and ultimately found guilty of trafficking and transportation and sentenced to 15 years imprisonment. He appeals.[1]

## II.

Senat first argues that the District Court violated his Sixth Amendment Confrontation Clause rights when he was prohibited from cross-examining minor victim S.C. regarding two prior allegations of rape. This argument is waived, and, alternatively, it fails on the merits.

Senat argues that in the past, S.C. falsely alleged that four individuals raped her: her father; Alex Alsope; Armante Smith; and an individual named Davante. The Court permitted cross as to two of those allegations (those against S.C.'s father and Alex Alsope) because S.C. admitted the allegations were false, and the government waived any objection. Regarding the latter two allegations, however, S.C. maintained that the allegations were true. Defense counsel responded that she was "just concerned about the lies" and thereafter did not pursue a Rule 412 hearing.[2] In short, Senat agreed to the ruling he now challenges on appeal. His argument is therefore waived.[3]

Moreover, even if it had been preserved, Senat could not establish plain error.[4] The Confrontation Clause does not limit a district court's "wide latitude . . . to impose

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] App. 90–91.

[3] *See United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

[4] Fed. R. Crim. P. 52(b).

reasonable limits on such cross-examination," including limits based on "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."[5] Here, evidence of S.C.'s allegations of rape would have had little probative value.[6] Moreover, the District Court did allow Senat to disclose that S.C. had previously lied about being raped—evidence that supported his defense. Accordingly, the District Court committed no error in exercising its discretion to exclude evidence of S.C.'s unrelated sexual behavior pursuant to Federal Rule of Evidence 412.[7]

Senat next argues that the District Court committed plain error under Rule 404(b) by admitting evidence of his and other pimps' prior crimes. We consider each in turn.

Senat argues that it was plain error to permit S.C. to testify about an incident in which she thought she heard Senat shoot another person. S.C. specifically testified that she was in a van with Senat and his friends when the van parked and Senat got out of the car. S.C. then heard two gunshots, and Senat ran back to the van. S.C. also testified that Senat told her later that she had "seen and heard something" she "wasn't supposed to hear or see" and that if S.C. didn't leave for Philadelphia with him he would hurt her and her family.[8] Senat argues that there was "no purpose" in admitting this evidence and "the

---

[5] *United States v. John–Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014) (quoting *United States v. Mussare*, 405 F.3d 161, 169 (3d Cir. 2005)).

[6] *See United States v. Tail*, 459 F.3d 854, 860–61 (8th Cir. 2006) (affirming the district court's exclusion of a sexual abuse victim's prior rape allegations that were not "demonstrably false" because they had "only limited probative value").

[7] *Id.* at 861.

[8] App. 112.

4

evidence was not relevant to an issue in the trial."[9] We disagree.

While Rule 404(b) prohibits the admission of evidence of "a crime, wrong, or other act" in order to show the character of the defendant,[10] relevant evidence with a proper evidentiary purpose may be admitted.[11] "If uncharged misconduct directly proves the charged offense, it is not evidence of some 'other' crime" under Rule 404(b).[12] Here, the fact that S.C. heard gunshots that she thought Senat fired, coupled with Senat's subsequent threats, demonstrate how Senat was able to "maintain[]" S.C. for the purpose of commercial sex under 18 U.S.C. § 1591(a). Therefore, the Court did not commit plain error in allowing the admission of this evidence.[13]

Senat also argues that, under Rule 404(b) and Rule 403, the District Court improperly admitted S.C.'s testimony that after she was taken from Senat, other pimps forced her to strip and have sex for money before police returned her to her family.[14] We again disagree.

As we have explained, "the purpose of Rule 404(b) is simply to keep from the jury

---

[9] Appellant's Br. 26.

[10] Fed. R. Evid. 404(b).

[11] *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010).

[12] *Id.*

[13] Although we ultimately agree that this evidence was relevant to showing threats and coercion, we think it is just barely beyond the reach of Rule 404(b). Given other evidence that was admitted to show the nature of the relationship between S.C. and Senat, the District Court would have been well advised to bar evidence of this incident. Nevertheless, given our standard of review, we cannot conclude that it was plain error to allow it into evidence.

[14] Appellant's Br. 25.

evidence that *the defendant* is prone to commit crimes or is otherwise a bad person."[15]

Because other pimps' actions do not adversely reflect on Senat's character, Rule 404(b) is not implicated here. In fact, defense counsel used evidence of Verrier's actions to portray him as "the only real pimp in this case," contrasting him with Senat, whom defense counsel portrayed as simply S.C.'s "ticket out of Haverstraw" to run away from her strict aunt and uncle.[16]

Nor did the Court commit plain error by failing to exclude the evidence under Rule 403 balancing. Criminal actions of other pimps are minimally prejudicial to Senat, and the testimony was relevant to why she was arrested and why she initially lied to the police.[17] As we have explained, "when a trial court is not given the opportunity to exercise its discretion in striking the [Rule 403] balance, we will seldom find plain error."[18] This case is no exception.

Finally, Senat argues that the District Court erred when it admitted a Greyhound bus schedule into evidence to establish the route S.C. and Senat's bus took to get from New York to Philadelphia.[19] He contends that the bus schedule was not properly

---

[15] *Green*, 617 F.3d at 249 (emphasis added) (internal quotation marks omitted).
[16] App. 57, 572.
[17] *See Old Chief v. United States*, 519 U.S. 172, 189 (1997) ("People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.").
[18] *United States v. Gatto*, 995 F.2d 449, 457 (3d Cir. 1993).
[19] Specifically, the bus schedule was evidence that Senat and S.C.'s bus was routed through New Jersey, where the case was brought. App. 425. Because the introduction of the schedule was objected to at trial, our review of the District Court's interpretation of

authenticated because it was introduced through a government expert who "had no personal knowledge of the bus route."[20] Senat claims the witness was therefore "not qualified to testify regarding this issue."[21]

This argument is frivolous. Rule 902(11) provides that "records of a regularly conducted activity" that meet the requirements of the "business record exception" in Rule 803(6) "may be authenticated by way of a certificate from the records custodian."[22] Bus schedules are obviously records of a regularly conducted business activity under Rule 803.[23] Whether the bus actually followed the route on the schedule goes to the weight, not the admissibility, of the evidence.[24] Therefore, the bus schedule was properly admitted with a certification under Rule 902(11), and it was not necessary that the witness introducing the document otherwise authenticate it.

III.

For the reasons set forth above, we affirm the judgment of the District Court.

---

the Federal Rules of Evidence is plenary. *United States v. Browne*, 834 F.3d 403, 408 (3d Cir. 2016).

[20] Appellant's Br. 33.

[21] Appellant's Br. 29–30.

[22] Fed. R. Evid. 902(11).

[23] We also note that Senat likely waived any argument that the record does not meet the elements of Rule 803 based on defense counsel's characterization of her objection at trial. App. 422 ("I understand it's a business record. My objection was that I just didn't think this was the appropriate person to be asking these question[s].").

[24] *See United States v. Catabran*, 836 F.2d 453, 458 (9th Cir. 1988) ("Any question as to the accuracy of the [records] . . . would have affected only the weight of the [records], not their admissibility.").